[Civ. No. 8632. Second Appellate District, Division Two.—March 5, 1935.]

In the Matter of the Estate of LEON BLACKMON, Deceased. MARY B. BLACKMON, Appellant, v. LILLIE STEWART BLACKMON, Respondent.

H. L. Welch and Don C. Bitler for Appellant.

James H. O'Neill for Respondent.

CRAIL, J.—This is an appeal from a judgment rendered under the provisions of section 1664 of the Code of Civil Procedure, now section 1080 of the Probate Code, to determine heirship, in which it was established that Lillie Stewart Blackmon (defendant) was the surviving spouse of the decedent and that his later marriage to Mary Blackmon (plaintiff) was bigamous and void. It is the contention of Mary Blackmon on appeal that there was no substantial evidence to overcome the presumption which the law gives to her marriage that the decedent had obtained a divorce prior to the time the marriage was solemnized.

The defendant testified at the trial that she had married the decedent under the name of Leroy Blackman (not Leon Blackmon) in the year 1909 and had lived with him for about one year when he had deserted her. She admitted,

however, that she had never again seen the decedent before or after his death. The plaintiff contended that she and the decedent were married during the year 1918, and that they had lived together as husband and wife from that time on until his death. As already indicated the trial court found with the defendant.

After the appeal had been taken and while the matter was pending in this court, the plaintiff filed her ''Application. for leave to produce additional evidence in the proceeding to determine heirship in said estate'' in which she alleged, among other things, that she was taken by surprise by the evidence of defendant at the trial and that if the case were reopened she would prove by overwhelming evidence, including the written admissions and statement of the said defendant, that defendant is not the widow of Leon Blackmon and not an heir to his estate, but that defendant was married to an entirely different person, a Leroy Blackman, who is still living and therefore cannot be the deceased; that the defendant had now renounced in favor of the plaintiff all claim to the estate and had directed her attorney to dismiss her claim. Plaintiff attached to her application the affidavit of several witnesses to substantiate her claim and she also attached the alleged renunciation which need not be repeated here. After a hearing in this court upon said petition the application was granted and the case reopened. A large number of depositions were taken and filed, and this court appointed Honorable Walter J. Desmond as referee to take further testimony. Thereafter motions were made in this court to require a bond for costs, to strike appellant's brief, to dismiss or affirm, and to fix the issues to be decided by the referee. All of these motions except the latter were denied. During the last three months the case has been on the weekly calendar of this court as regularly as the habit of coffee for breakfast. On January 18, 1935, a stipulation was entered into by the parties in open court that the court will review the briefs, exhibits and documents legally of record in the case, and decide the case, if the court can do so without taking additional evidence. Or, if it is decided that additional evidence shall be taken, the matter will then be sent back to the superior court for that purpose.

After a careful review of the record we are satisfied that the judgment of the superior court should be affirmed in

all respects except as to the identity of Leon Blackmon and Leroy Blackman; a finding on this specific issue will carry with it a finding of the ultimate fact that the defendant is or is not the surviving widow of the decedent and that she is or is not entitled to share in his estate. A second issue which has not heretofore been tried, but which is now before the court for solution is: Has the defendant renounced all right, title and interest in and to the said estate in favor of the plaintiff? Both of these issues involve questions of fact which are much more readily triable in the superior court than in this court.

The case is therefore remanded to the trial court for the determination of these two questions and the issues arising thereon. In that court the plaintiff may set up her said two grounds for relief or recovery against the defendant. Thereupon the defendant may by appropriate pleadings set up such defenses thereto, if any, as she may have. The issues thus joined may be tried in the superior court and judgment entered in accordance with the findings. The depositions and other evidence which are on file in this court will be filed with the clerk of the superior court for use in that court in the trial of the above issues.

A ruling on the motion to fix issues to be decided by the referee is made unnecessary because we have fixed the issues to be tried by the superior court. The order appointing Judge Desmond as referee of this court is revoked as of this date.

Except as otherwise indicated, the judgment is affirmed.

Stephens, P. J., and Willis, J., *pro tem.*, concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 3, 1935, and an application by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 3, 1935.